**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                      No. 95-5954

DAVID M. HAUGHT,
Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of West Virginia, at Huntington.
Joseph Robert Goodwin, District Judge.
(CR-95-124)

Submitted: September 24, 1996

Decided: October 15, 1996

Before WIDENER and HALL, Circuit Judges, and BUTZNER,
Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

W. Michael Frazier, FRAZIER & OXLEY, L.C., Huntington, West
Virginia, for Appellant. Rebecca A. Betts, United States Attorney,
Paul A. Billups, Assistant United States Attorney, Huntington, West
Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

David M. Haught pled guilty to an information charging that he willfully failed to account for and pay over to the Internal Revenue Service (IRS) certain taxes withheld from his employees, 26 U.S.C. § 7202 (1994). Haught appeals his 18-month sentence. He contends that the addition of two criminal history points for an offense committed while on probation, USSG § 4A1.1(d),* violated his cooperation agreement. See USSG § 1B1.8. We affirm.

Haught incorporated Ocean Graphics, Inc., in February 1988, and began hiring employees in 1989. Between 1989 and 1994, Haught withheld money from his employees for Social Security and federal income taxes, but did not file employment tax returns or make the required deposits of withheld taxes. While he was under investigation for these tax code violations, Haught filed tax returns and employment returns for 1993 and 1992. In September 1995, Haught pled guilty to an information charging that he failed to account for and pay the tax due for the final quarter of 1993. His plea agreement afforded him use immunity except for information from independent, legitimate sources. Afterward, Haught filed returns for 1989 and subsequent years.

Haught had been convicted of a similar tax offense in 1986; his probationary sentence ended in August 1989. When the probation officer calculated Haught's criminal history score, she added two points pursuant to USSG § 4A1.1(d). Haught objected, arguing that the government could not have known with certainty that he hired employees (and failed to file the necessary returns) while he was still on probation until he provided the information under the protection

_____

*United States Sentencing Commission, Guidelines Manual (Nov. 1995).

2

of his cooperation agreement. Thus, he contended, addition of the two points violated the agreement.

IRS Agent Glen Brewer testified for the government that, because of Haught's 1986 conviction, his business had been monitored thereafter. Brewer said he was aware in 1990 that Haught had not filed the forms required of employers for 1989. He also testified that in the first half of 1989 he knew that there were people working at Ocean Graphics simply by going there and seeing people who were apparently employees. On this evidence, the district court found that Haught's cooperation agreement had not been violated.

We agree. The focus of USSG § 1B1.8 is on facts first revealed to the government by the defendant during his cooperation. The IRS agent observed people who appeared to be employees at Haught's business in early 1989, long before Haught disclosed that he had in fact hired employees at that time. While Haught's disclosure confirmed the agent's belief, it did not reveal new information. Consequently, the district court did not clearly err in finding that the cooperation agreement was not violated.

The sentence is therefore affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED